UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

# 05 10531 JLT

ANGELA NGUYEN,                          )
                                         )
            Plaintiff,                    )
                                         )
v.                                       )          Civil Action No.
                                         )
NATIONAL LENDING MAGISTRATE JUDGE _Dein_ )
CORPORATION,                             )
and HAO NGUYEN                           )
                                         )
            Defendants.                   )
_____)

RECEIPT # _62906_
AMOUNT $_250_
SUMMONS ISSUED _N/A_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK _____
DATE _3/21/05_

## NOTICE OF REMOVAL

TO THE JUDGES FOR THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS:

Defendants National Lending Corporation and Hao Nguyen ("Defendants"),
respectfully submit that:

1.      On or about February 28, 2005, Defendants received from Plaintiff a copy
        of a Complaint, Civil Action Cover Sheet and Request for Trial by Jury, in
        the matter entitled Angela Nguyen v. National Lending Corporation and
        Hao Nguyen (Commonwealth of Massachusetts, Suffolk Superior Court,
        Civil Action No. 05-00774). Copies of the above-described documents
        are attached hereto as Exhibit A.

2.      The documents attached as Exhibit A constitute all documents received by
        Defendants in this matter to date.

3.      This Court has original jurisdiction over this action pursuant to 28 U.S.C.
        § 1332 because the action is between parties with a diversity of citizenship
        and the amount in controversy (including attorneys fees sought by
        Plaintiff) exceeds the sum of $75,000 exclusive of interest and costs.
        Plaintiff states that she is a resident of the Commonwealth of
        Massachusetts. Defendant National Lending Corporation is a New Jersey
        corporation with its principal place of business located in Houston Texas.
        Defendant Hao Nguyen is a resident of Texas.

4. This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's complaint raises a federal question under 42 U.S.C. §2000 et seq.

5. Defendants will notify the Suffolk Superior Court and all adverse parties of this Notice of Removal. A copy of that Notification, which will be sent to Suffolk Superior Court, is attached hereto as Exhibit B.

Respectfully submitted,

NATIONAL LENDING CORPORATION
and HAO NGUYEN

By their attorneys,

Tamsin R. Kaplan BBO # 561558
Heather M. Nelson BBO # 645086
TAMSIN R. KAPLAN & ASSOCIATES
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210

Dated: March 21, 2005

## CERTIFICATE OF SERVICE

I, Heather Nelson, herby certify that a true and accurate copy of the above document was served this 21st day of March, 2005, by first class mail, postage pre-paid, to attorney for the Plaintiff, Michael P. Robinson, Esq., Law Offices of Stephen M. Robinson, 155 South Main Street, Suite 402, Providence, RI 02903-7115.

Heather Nelson

## COMMONWEALTH OF MASSACHUSETTS

**SUPERIOR COURT**                                    **SUFFOLK COUNTY**

ANGELA NGUYEN,                        :
                                      :
     **PLAINTIFF,**                   :
                                      :
Vs.                                   :                    **C.A.**
                                      :
                                      :
**NATIONAL LENDING**                  :
**CORPORATION and HAO NGUYEN,**       :
**In his personal capacity and in his** :
**capacity as Chairman and CEO of**   :
**NATIONAL LENDING**                  :
**CORPORATION.**                      :
                                      :
     **DEFENDANT.**                   :


## COMPLAINT

     Now comes the plaintiff, Angela Nguyen, who hereby complains and makes demand for relief as follows:

1.    Plaintiff, Angela Nguyen, is a resident of Lowell, Massachusetts.

2.    Defendant, National Lending Corporation, is a Texas Corporation with a principal place of business located in Houston, Texas.

3.    The defendant conducts business throughout the United States, and has several offices in the Commonwealth of Massachusetts.

4.    The defendant, Hao Nguyen, on information and belief, is a resident of Texas.

5.    Defendant Nguyen is also the Chairman and CEO of National Lending
      Corporation, and he conducts business in the Commonwealth of Massachusetts
      on a regular basis.

6.    Jurisdiction is appropriate with this court pursuant to MASS. GEN. LAWS ANN. ch.
      223A §3 (West 2000).

7.    The Plaintiff met Defendant Nguyen in October of 2003, when he was
      speaking at a conference in Boston.

8.    The Defendant offered to assist the Plaintiff in establishing her own office in
      Lowell, Massachusetts.

9.    The Defendant paid all of Plaintiff's expenses in establishing the office
      including rent, money for improvements, signs, phones, gas, computers, tables,
      desks and electricity.

10.   No other employees were provided with this much assistance by Defendant
      Nguyen or Defendant Corporation in establishing office space.

11.   Defendant Nguyen, over the course of the next several months, engaged in a
      course of conduct where he made clear that he was interested in a sexual
      relationship with Plaintiff, and that this interest was the basis for the
      assistance he was providing to her.

12.   Over the course of the next several months Defendant Nguyen continued to make
      numerous unwanted physical advances on the Plaintiff, causing her a great deal
      of stress and anxiety.

13.   In or about January of 2000, Defendant Nguyen coerced the Plaintiff into being
      alone in a room with him, at which time he made repeated physical sexual

advances on the Plaintiff in spite of being advised on numerous occasions by the Plaintiff that she was not interested in a sexual relationship.

14. After having been told on numerous occasions that the Plaintiff was not interested in a sexual relationship, Defendant Nguyen terminated the Plaintiff's employment causing her significant lost income and business opportunities, as well as a loss to her professional reputation in the community.

15. As a direct and proximate result of Defendant's quid pro quo and hostile working environment, the Plaintiff was repeatedly damaged, demoralized, and suffered severe emotional damages, as well as lost income, lost business opportunity, and loss of professional reputation in the community.

## COUNT I
## ASSAULT

16. Plaintiff, Angela Nguyen, repeats and re-alleges paragraphs one (1) through fifteen (15) as though fully stated herein.

17. Defendant Nguyen caused the Plaintiff to be in fear of imminent harmful or offensive contact to her person by the defendant.

18. As a direct and proximate result of Defendant Nguyen's assault of the Plaintiff, the Plaintiff suffered severe emotional damages, as well as lost income, lost business opportunity, and loss of professional reputation in the community.

**WHEREFORE**, the Plaintiff demands judgment against Defendants in an amount sufficient to compensate her for her losses, including attorneys' fees and costs.

3

## COUNT II
## BATTERY

19.    Plaintiff repeats and re-alleges paragraphs one (1) through eighteen (18) as though fully stated herein.

20.    Defendant Nguyen, on numerous occasions between October of 2003, and approximately May of 2004, made harmful and offensive contact with the person of the Plaintiff.

21.    As a direct and proximate result of Defendant Nguyen's battery of the Plaintiff, the Plaintiff suffered severe emotional damages, as well as lost income, lost business opportunity, and loss of professional reputation in the community.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

## COUNT III
## FALSE IMPRISONMENT

22.    Plaintiff repeats and re-alleges paragraphs one (1) through twenty-one (21) as though fully stated herein.

23.    On numerous and various occasions between October of 2003 and approximately May of 2004, Defendant Nguyen, without legal justification, confined the Plaintiff against her will and refused to permit her to leave.

4

24.    As a direct and approximate result of the false imprisonment committed by the

Defendant Nguyen, the Plaintiff has sustained severe emotional distress, has

suffered severe emotional damages, as well as lost income, lost business

opportunity, and loss of professional reputation in the community.


**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an

amount sufficient to compensate her for her losses plus attorneys' fees and costs.


## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25.    Plaintiff repeats and re-alleges paragraphs one (1) through twenty-four (24) as

though fully stated herein.

26.    Defendant Nguyen intentional and willfully inflicted emotional distress upon the

Plaintiff as a result of his course of conduct which was designed to coerce the

Plaintiff into having an unwanted sexual relationship in exchange for job

opportunities.

27.    As a direct and proximate result of the defendant's intentional infliction of

emotional distress, the Plaintiff suffered severe emotional damages, as well as lost

income, lost business opportunity, and loss of professional reputation in the

community.

WHERFORE, the Plaintiff demands judgment against defendant in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

## COUNT V
## UNLAWFUL DISCRIMINATION

28. The Plaintiff, repeats and re-alleges paragraphs one (1) through twenty-seven (27) as though fully stated herein.

29. Within three hundred (300) days of the occurrence of the last acts of sexual harassment and unlawful discrimination alleged herein, Plaintiff filed an appropriate Charge of Discrimination with the Massachusetts Commission Against Discrimination *[hereinafter "MCAD"]*, which was assigned Docket No. 04BEM02122.

30. The foregoing Charge of Discrimination charged the Defendants with the acts of discrimination and sexual harassment alleged in this Complaint, was duly served upon the Defendant, and afforded the Defendants with an opportunity to participate in administrative reconciliation proceedings through the MCAD. A true and correct copy of the aforementioned Charge of Discrimination is attached to this Complaint as Exhibit "A".

31. After investigating Plaintiff's Charge of Discrimination, the MCAD, through its Investigating Commissioner, issued to Plaintiff a Notice of Dismissal and Notification of Rights Letter, a copy of which is attached to this Complaint as Exhibit "B".

32.    In full compliance with the provisions of M.G.L.A. §151B *et seq.*, Plaintiff has exhausted all available administrative remedies and has timely filed this civil action.

33.    Despite Plaintiff's performance of her assigned duties in an exemplary and professional manner at all times during the course of her employment with the Defendant Corporation, Defendant Nguyen discriminated against Plaintiff in terms, conditions and privileges of employment because of Plaintiff's female gender in violation of M.G.L.A. 151B §4 (1).

34.    Despite Plaintiff's performance of her assigned duties in an exemplary and professional manner at all times during the course of her employment with the Defendant, Defendant discharged Plaintiff from employment because of Plaintiff's female gender in violation of M.G.L.A. 151B §4 (1).

35.    Defendants purposefully and maliciously and without justification or excuse forced the Plaintiff to suffer discriminatory terms, conditions, privileges of employment and discharge because of Plaintiff's female gender in violation of M.G.L.A. 151B §4 (1).

36.    As a result of the course of Defendants' discriminatory treatment, Plaintiff has suffered and will continue to suffer severe emotional and physical injuries and stands entitled to recover pecuniary, compensatory, and exemplary damages.

**WHERFORE**, Plaintiff demands judgment against Defendants in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

7

## COUNT VI
## HOSTILE ENVIRONMENT HARASSMENT

37.    The Plaintiff repeats and re-alleges paragraphs one (1) through thirty-six (36) as though fully stated herein.

38.    In full compliance with the provisions of M.G.L.A. §151B *et seq.*, Plaintiff has exhausted all available administrative remedies and has timely filed this civil action.

39.    Defendant's verbal and physical conduct of a sexual nature unfairly infringed on Plaintiff's work performance by producing an intimidating, hostile, humiliating and sexually offensive work environment.

40.    Defendant's conduct was unwanted and unwelcome and affected tangible aspects of Plaintiff's employment.

41.    Defendant's conduct alleged above was constant and severe.

42.    The above-referenced conduct constitutes an actionable hostile work environment in violation of M.G.L.A 151B §4 (16A) for which Plaintiff is entitled to recover injunctive relief, compensatory, punitive, and exemplary damages.


**WHERFORE**, Plaintiff demands judgment against Defendants in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.


## COUNT VII
## QUID PRO QUO SEXUAL HARASSMENT

43.    The Plaintiff repeats and re-alleges paragraphs one (1) through forty-one (41) as though fully stated herein.

44.    In full compliance with the provisions of M.G.L.A. §151B *et seq.*, Plaintiff has exhausted all available administrative remedies and has timely filed this civil action.

45.    Defendant requested sexual favors and acquiescence in sexual advances as a condition of Plaintiff's employment and as a basis for employment decisions made in regard to Plaintiff.

46.    The adverse employment actions taken by Defendant in retaliation for Plaintiff's refusal to perform sexual favors or acquiesce in sexual advances constitute a case of quid pro quo sexual harassment in violation of M.G.L.A 151B §4 (16A) for which Plaintiff is entitled to recover injunctive relief, compensatory, punitive, and exemplary damages.

**WHERFORE**, Plaintiff demands judgment against Defendants in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

## COUNT VIII

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USCA §§2000e *et seq.*

9

46.   The Plaintiff repeats and re-alleges paragraphs one (1) through forty-four (44) as though fully stated herein.

47.   Within one hundred and eighty (180) days of the occurrence of the last acts of sexual harassment and unlawful discrimination alleged herein, Plaintiff filed an appropriate Charge of Discrimination with the Equal Employment Opportunity Commission *[hereinafter "EEOC"]*, which was designated Docket No. 16CA402245.

48.   The foregoing Charge of Discrimination charged the Defendants with the acts of discrimination and sexual harassment alleged in this Complaint, was duly served upon the Defendants, and afforded the Defendants with an opportunity to participate in administrative reconciliation proceedings through the EEOC. A true and correct copy of the aforementioned Charge of Discrimination is attached to this complaint as Exhibit "A".

49.   In full compliance with the provisions of 42 U.S.C.A. 2000e (5), Plaintiff has exhausted all available administrative remedies and has timely filed this civil action.

50.   The adverse employment actions taken by Defendant in retaliation for Plaintiff's refusal to perform sexual favors or acquiesce in sexual advances constitute a case of quid pro quo sexual harassment in violation of 42 USCA §§2000e *et seq.* for which Plaintiff is entitled to recover injunctive relief, compensatory, punitive, and exemplary damages.

   **WHERFORE,** Plaintiff demands judgment against Defendants in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Dated: 2/25/05

Respectfully Submitted,

Plaintiff,

By Her Attorney,

Michael P. Robinson, Esq.
B.B.O. #649575
THE LAW OFFICES OF
STEPHEN M. ROBINSON
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(Fax) 331-7888

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| | X EPA | |
| | X EEOC | |

_____ State or local Agency, if any _____ and EEOC

NAME (Indicate Mr., Ms., Mrs.)

Ms. Angela Nguyen

HOME TELEPHONE (Include Area Code)
(978) 758-7779

STREET ADDRESS: 112 Rockingham Road    CITY, STATE AND ZIP CODE: Londonderry, NH 03053    DATE OF BIRTH

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME: National Lending Corporation    NUMBER OF EMPLOYEES, MEMBERS: Unknown    TELEPHONE (Include Area Code): (713) 974-0748

STREET ADDRESS: 3673 Westcenter Drive    CITY, STATE AND ZIP CODE: Houston, TX 77042    COUNTY

NAME: Hao Nguyen    TELEPHONE NUMBER (Include Area Code): (713) 974-0748

STREET ADDRESS: 3673 Westcenter Drive    CITY, STATE AND ZIP CODE: Houston, TX 77042    COUNTY

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] AGE
[ ] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): October, 2003 Approx.
LATEST (ALL): April, 2004

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Beginning in October of 2003, Hao Nguyen and NLC embarked on a pattern of discrimination and sexual harassment of the complainant. Numerous employment related promises and benefits were provided to the complainant that were not provided to others, and she was provided unusual assistance in setting up her own business office. Mr. Nguyen and National Lending Corporation began to make clear soon after these benefits had been provided that these benefits were contingent on a sexual relationship with Hao Nguyen. Mr. Nguyen physically assaulted the complainant on several occasions and made it clear that he was seeking a sexual relationship with complainant When the complainant refused to participate in any type of sexual relationship, she was fired from her employment. The complainant lost all of the employees that she had worked so hard to recruit, and sustained significant lost wages, pain and suffering, emotional distress, and other permanent and debilitating injuries.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

_Angela Nguyen_

7/28/04    Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)
7/28/04

EEOC FORM 5 (Test 10/94)

my commission expires 2/1/06

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place , Boston, MA 02108**
**Phone: (617) 994-6000 Fax: (617) 994-6024**

NOV 2 9 2004

- **DISMISSAL and NOTIFICATION of RIGHTS** -

| To: | Michael P. Robinson, Esq. | **Case:** Angela Nguyen v. National Lending |
| | 155 South Main Street | Corporation, Hao Nguyen |
| | Providence, RI 02903 | **MCAD Docket Number:** 04BEM02122 |
| | | **EEOC Number:** 16CA402245 25+ employees |
| | | **Investigator:** Neldy Jean-Francois |

Your complaint has been dismissed for the following reasons:

[ ]    The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ]    Respondent employs less than the required number of employees.

[ ]    Your complaint was not timely filed with the Commission, i.e. you waited too
       long after the date(s) of the alleged discrimination to file. Because it was filed outside the time
       limit prescribed by law, the Commission cannot investigate your allegations.

[ ]    You failed to provide requested information, failed or refused to appear or to be available for
       necessary interviews/conference, or otherwise refused to cooperate to the extent that the
       Commission has been unable to resolve your complaint. You have had more than 30 days in which
       to respond to our written request.

[ ]    The Commission's efforts to locate you have been unsuccessful. You have had at
       least 30 days in which to respond to a notice sent to your last known address.

[ ]    The Respondent has made a reasonable settlement, offering full relief for the
       harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[ ]    The Commission issues the following determination. Based upon the
       Commission's investigation, the Commission is unable to conclude that the information obtained
       establishes a violation of the statutes. This does not certify that the Respondent is in compliance
       with the statutes. No finding is made as to any other issues that might be construed as having been
       raised by this complaint.

[XX]   Other (briefly state)  Complainant wishes to file a civil action on the same matter in court.

Walter J. Sullivan Jr.
Investigating Commissioner

Date  11/19/04

Cc:
Hao Nguyen
National Lending Corporation
3673 Westcenter Drive
Houston, TX 77042

# MEMORANDUM

To Case File: **Nguyen v. National Lending Corp., et al.**
Docket #: **04-BEM-02122**
EEOC # **16CA402245**  *25+ employees*
From: Neldy Jean-Francois, Investigator
Re: Recommendation for Dismissal of Complaint

## Issues Investigated:

The issue presented is whether Respondents unlawfully discriminated against Complainant by subjecting her to unequal treatment based on her sex (female) and quid pro quo sexual harassment in violation of Massachusetts General Laws Chapter 151B, Section 4, Paragraph 1, & 16A, and Title VII of the 1964 Civil Rights Act, as amended.

## Recommendation:

On July 30, 2004 Complainant filed a complaint with this Commission alleging unlawful discrimination.

On November 17, 2004 the Commission received Complainant's formal request to withdraw her complaint with the Commission and the EEOC because she wished to file a civil action on the same matter in court. Complainant acknowledges that she is aware that it is unlawful for any person to coerce her into requesting this dismissal.

Therefore, it is recommended that the Complainant's request be granted.

Neldy Jean-Francois
Investigator

Jean A. Clanton
Supervisor

# The Law Offices of Stephen M. Robinson

155 South Main Street, Suite 402
Providence, Rhode Island 02903-7115
(401) 331-6565
Fax (401) 331-7888
E-Mail attorney@smrobinsonlaw.com

Stephen M. Robinson
Michael P. Robinson\*
Vicki J. Bejma\*
Mary Ann F. Carroll
\*Also Massachusetts Bar
Of Counsel:
Noelle K. Clapham

February 25, 2005

Civil Clerk's Office
Suffolk Superior Court
90 Devonshire Street
Boston, MA 02109

Re:    **Angela Nguyen vs. National Lending Corporation
       and Hao Nguyen**

Dear Sir or Madam:

Enclosed please find a copy of a Complaint, Civil Face Cover Sheet, and a check in the amount of $280.00. Please institute this new action, and forward an original summons to me at your earliest convenience. I appreciate your attention to this matter. Kindest regards.

Very truly yours,

Michael P. Robinson

MPR:mg.
Enclosure
Cc:  Angela Nguyen

# The Law Offices of Stephen M. Robinson

155 South Main Street, Suite 402
Providence, Rhode Island 02903-7115
(401) 331-6565
Fax (401) 331-7888
E-Mail attorney@smrobinsonlaw.com

Stephen M. Robinson
Michael P. Robinson*
Vicki J. Bejma*
Mary Ann F. Carroll
*Also Massachusetts Bar
Of Counsel:
Noelle K. Clapham

February 25, 2005

Tamsin R. Kaplan
90 Concord Avenue
Belmont, MA 02478

Re:    Angela Nguyen v. National Lending Corporation and Hao Nguyen

Dear Ms. Kaplan:

Enclosed please find a courtesy copy of the Complaint that I filed in the Suffolk County Superior Court regarding the above-entitled matter. Please let me know as to whether or not you are able to except service on behalf of the defendants. Kindest regards.

Very truly yours,

Michael P. Robinson

MPR:mg
Enclosure
Cc:    Angela Nguyen

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: _Su_ |
|---|---|---|

| PLAINTIFF(S) _Angela Nguyen_ | DEFENDANT(S) _Nat'l Lending Corporation and Hac Nguyen et al_ |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE _Michael J. Robinson_ _The Law Offices of Stephen M. Robinson_ _155 South Main St., Providence, RI 02903_ Board of Bar Overseers number: _(44) 331-6565  BBO#647575_ | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- ☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| _B22_ | _Employment Discrimination_ | _(F)_ | _X_ ( ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................... $..............
2. Total Doctor expenses ............................................................ $..............
3. Total chiropractic expenses ..................................................... $..............
4. Total physical therapy expenses ............................................... $..............
5. Total other expenses (describe) ............................................... $..............
                                          Subtotal $..............

B. Documented lost wages and compensation to date ................................... $..............
C. Documented property damages to date .............................................. $..............
D. Reasonably anticipated future medical and hospital expenses ....................... $..............
E. Reasonably anticipated lost wages ................................................. $..............
F. Other documented items of damages (describe)

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
     _Severe emotional and psychological injuries_

                                       $..............
                               $ _75,000.00_
                    TOTAL $. _75,000.00_

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                       TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: _2/25/05_

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT                                              SUFFOLK COUNTY

ANGELA NGUYEN,

     PLAINTIFF,

VS.                                                         C.A NO: SUCV 2005-00774

NATIONAL LENDING CORPORATION
 AND HAO NGUYEN,

     DEFEFDANT

<u>STIPULATION</u>

It is hereby agreed, by and between the parties, that attorney Tamsin R. Kaplan hereby accepts service of process of behalf of the defendants, National Lending Corporation and Hao Nguyen.

_____
Michael P. Robinson, Esq. # 649575
155 South Main Street, Suite 402
Providence, RI 02903

_____
Tamsin R. Kaplan, and Associates P.C.
90 Concord Avenue
Belmont, MA 02478

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. SUCV 2005-00774

Angela Nguyen _____, Plaintiff(s)

v.

National Lending Corporation
and
Hao Nguyen _____, Defendant(s)

## SUMMONS

To the above-named Defendant:   Hao Nguyen

You are hereby summoned and required to serve upon Michael P. Robinson 155 South Main Street, Providence, RI 02903 plaintiff's attorney, whose address is _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Su~~zanne~~ ~~DelVecchio~~ Barbara J. Rouse Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.

1. This Summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

I hereby certify and re\_\_\_\_ that on _____,200\_\_\_, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____, 200\_\_\_\_.           _____

**N.B.    TO PROCESS SERVER:–**
PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

|  |
| --- |
| , 200   . |

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. SUCV 2005-00774

Angela Nguyen _____, Plff(s).

v.

National Lending Corporation
and Hao Nguyen _____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. SUCV 2005-00774

Angela Nguyen _____ , Plaintiff(s)

v.

National Lending Corporation and , Defendant(s)
Hao Nguyen

## SUMMONS

To the above-named Defendant:    National Lending Corporation

You are hereby summoned and required to serve upon Michael P. Robinson, 155 South Main Street, Providence, RI 02903 plaintiff's attorney, whose address is_____ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Su~~zanne V. DelVecchio~~ Barbara J. Rouse Esquire, at Boston, the_____ day of _____ , in the year of our Lord two thousand _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3.  TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

    (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____,200___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____, 200____.

**N.B.**    **TO PROCESS SERVER:–**
PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

|  |
|---|
| , 200 . |

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. SUCv 2005-00774

Angela Nguyen _____, Plff(s).

v.

National Lending Corporation , Deft(s).
and Hao Nguyen

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                          SUPERIOR COURT DEPARTMENT
                                     OF THE TRIAL COURT

_____
                            )
ANGELA NGUYEN,              )
                            )
            Plaintiff,      )
v.                          )        Civil Action No. 05-00774
                            )
NATIONAL LENDING            )
CORPORATION,                )
and HAO NGUYEN              )
                            )
            Defendants.     )
_____   )

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:   Civil Clerk's Office
      Suffolk County Superior Court
      US Post Office and Courthouse
      90 Devonshire Street, 8th Floor
      Boston, MA 02109

      PLEASE TAKE NOTICE that a Notice of Removal in the above action from the
Superior Court, Suffolk County, has been duly filed in the United States District Court
for the District of Massachusetts. Attached hereto is a certified copy of that Notice of
Removal.

                          Respectfully submitted,

                          NATIONAL LENDING CORPORATION
                          and HAO NGUYEN

                          By their attorneys,

                          _____
                          Tamsin R. Kaplan BBO # 561558
                          Heather M. Nelson BBO # 645086
                          TAMSIN R. KAPLAN & ASSOCIATES
                          90 Concord Avenue
                          Belmont, MA 02478
Dated: March 22, 2005     (617) 484-3210

JS 44 (Rev. 11/04)                                          CIVIL COVER SHEET

The JS 44 civil cover sheet and the information containe... ...rein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**

Angela Nguyen

**(b)** County of Residence of First Listed Plaintiff   Middlesex County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael P. Robinson          401-331-6565
Law Offices of Stephen M. Robinson,
155 S. Main St., Providence, RI 02903

**DEFENDANTS**

National Lending Corporation  and
Hao Nguyen
County of Residence of First Listed Defendant   Harris County, TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.
617-484-3210
Attorneys (If Known)   Tamsin R. Kaplan; Heather M.
Nelson, Tamsin R. Kaplan &
Associates, P.C., 90 Concord Ave.,
Belmont MA 02478

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                         and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN**   (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**   Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)   28USC1332
Brief description of cause:
Employment discrimination, related claims

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION   DEMAND $                      CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23                                                    JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE                          DOCKET NUMBER

DATE
March 21, 2005

SIGNATURE OF ATTORNEY OF RECORD
_Heather Nelson_ (Counsel for Defendants)

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) <u>Angela Nguyen v. National Lending Corporation</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [X]  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   [ ]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   [ ]  IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.    150, 152, 153.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]     NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES [ ]     NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]     NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]     NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [X]     NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [X]          Central Division [ ]          Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [ ]          Central Division [ ]          Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]     NO [X]

**(PLEASE TYPE OR PRINT)**

ATTORNEY'S NAME <u>Tamsin R. Kaplan; Heather M. Nelson (Counsel for Defendants)</u>

ADDRESS <u>Tamsin R. Kaplan & Associates, P.C., 90 Concord Ave., Belmont, MA</u>

TELEPHONE NO. <u>(617) 484-3210</u>                                                    02478

(CategoryForm.wpd - 2/15/05)