*Suffolk Superior Civil # 05 - 774*



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANGELA NGUYEN,                   05   10531  JLT

        Plaintiff,

v.                               Civil Action No.

NATIONAL LENDING
CORPORATION,
and HAO NGUYEN

        Defendants.

I hereby certify on 3/31/05 that the foregoing document is true and correct copy of the electronic docket in the captioned case electronically filed original filed on original filed in my office on 3/31/05
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By:
Deputy Clerk

NOTICE OF REMOVAL

TO THE JUDGES FOR THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS:

Defendants National Lending Corporation and Hao Nguyen ("Defendants"),
respectfully submit that:

1.    On or about February 28, 2005, Defendants received from Plaintiff a copy
of a Complaint, Civil Action Cover Sheet and Request for Trial by Jury, in
the matter entitled <u>Angela Nguyen v. National Lending Corporation and
Hao Nguyen</u> (Commonwealth of Massachusetts, Suffolk Superior Court,
Civil Action No. 05-00774). Copies of the above-described documents
are attached hereto as Exhibit A.

2.    The documents attached as Exhibit A constitute all documents received by
Defendants in this matter to date.

3.    This Court has original jurisdiction over this action pursuant to 28 U.S.C.
§ 1332 because the action is between parties with a diversity of citizenship
and the amount in controversy (including attorneys fees sought by
Plaintiff) exceeds the sum of $75,000 exclusive of interest and costs.
Plaintiff states that she is a resident of the Commonwealth of
Massachusetts. Defendant National Lending Corporation is a New Jersey
corporation with its principal place of business located in Houston Texas.
Defendant Hao Nguyen is a resident of Texas.

4.    This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's complaint raises a federal question under 42 U.S.C. §2000 et seq.

5.    Defendants will notify the Suffolk Superior Court and all adverse parties of this Notice of Removal. A copy of that Notification, which will be sent to Suffolk Superior Court, is attached hereto as Exhibit B.

Respectfully submitted,

NATIONAL LENDING CORPORATION and HAO NGUYEN

By their attorneys,

Tamsin R. Kaplan BBO # 561558
Heather M. Nelson BBO # 645086
TAMSIN R. KAPLAN & ASSOCIATES
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210

Dated: March 21, 2005

CERTIFICATE OF SERVICE

I, Heather Nelson, herby certify that a true and accurate copy of the above document was served this 21st day of March, 2005, by first class mail, postage pre-paid, to attorney for the Plaintiff, Michael P. Robinson, Esq., Law Offices of Stephen M. Robinson, 155 South Main Street, Suite 402, Providence, RI 02903-7115.

Heather Nelson

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

| | |
|---|---|
| ANGELA NGUYEN,<br><br>        Plaintiff,<br><br>v.<br><br>NATIONAL LENDING<br>CORPORATION,<br>and HAO NGUYEN<br><br>        Defendants. | Civil Action No. 05-00774 |

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:     Civil Clerk's Office
        Suffolk County Superior Court
        US Post Office and Courthouse
        90 Devonshire Street, 8th Floor
        Boston, MA 02109

PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Superior Court, Suffolk County, has been duly filed in the United States District Court for the District of Massachusetts. Attached hereto is a certified copy of that Notice of Removal.

Respectfully submitted,

NATIONAL LENDING CORPORATION
and HAO NGUYEN

By their attorneys,

Tamsin R. Kaplan BBO # 561558
Heather M. Nelson BBO # 645086
TAMSIN R. KAPLAN & ASSOCIATES
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210

Dated: March 24, 2005

## CERTIFICATE OF SERVICE

I, Heather Nelson, herby certify that a true and accurate copy of the above document was served this 24th day of March, 2005, by first class mail, postage pre-paid, to attorney for the Plaintiff, Michael P. Robinson, Esq., Law Offices of Stephen M. Robinson, 155 South Main Street, Suite 402, Providence, RI  02903-7115.

Heather Nelson

1

05-0774 C

## COMMONWEALTH OF MASSACHUSETTS

**SUPERIOR COURT**                                    **SUFFOLK COUNTY**


ANGELA NGUYEN,                    :
                                  :
     **PLAINTIFF,**                :
                                  :
Vs.                               :            **C.A.**
                                  :
                                  :
**NATIONAL LENDING**              :
**CORPORATION and HAO NGUYEN,**   :
**In his personal capacity and in his**  :
**capacity as Chairman and CEO of**      :
**NATIONAL LENDING**              :
**CORPORATION.**                  :
                                  :
     **DEFENDANT.**               :

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

2005 FEB 28 P 2: 50

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE


## **COMPLAINT**

Now comes the plaintiff, Angela Nguyen, who hereby complains and makes demand for relief as follows:

1.    Plaintiff, Angela Nguyen, is a resident of Lowell, Massachusetts.

2.    Defendant, National Lending Corporation, is a Texas Corporation with a principal place of business located in Houston, Texas.

3.    The defendant conducts business throughout the United States, and has several offices in the Commonwealth of Massachusetts.

4.    The defendant, Hao Nguyen, on information and belief, is a resident of Texas.

1

5.     Defendant Nguyen is also the Chairman and CEO of National Lending Corporation, and he conducts business in the Commonwealth of Massachusetts on a regular basis.

6.     Jurisdiction is appropriate with this court pursuant to MASS. GEN. LAWS ANN. ch. 223A §3 (West 2000).

7.     The Plaintiff met Defendant Nguyen in October of 2003, when he was speaking at a conference in Boston.

8.     The Defendant offered to assist the Plaintiff in establishing her own office in Lowell, Massachusetts.

9.     The Defendant paid all of Plaintiff's expenses in establishing the office including rent, money for improvements, signs, phones, gas, computers, tables, desks and electricity.

10.    No other employees were provided with this much assistance by Defendant Nguyen or Defendant Corporation in establishing office space.

11.    Defendant Nguyen, over the course of the next several months, engaged in a course of conduct where he made clear that he was interested in a sexual relationship with Plaintiff, and that this interest was the basis for the assistance he was providing to her.

12.    Over the course of the next several months Defendant Nguyen continued to make numerous unwanted physical advances on the Plaintiff, causing her a great deal of stress and anxiety.

13.    In or about January of 2000, Defendant Nguyen coerced the Plaintiff into being alone in a room with him, at which time he made repeated physical sexual

2

advances on the Plaintiff in spite of being advised on numerous occasions by the Plaintiff that she was not interested in a sexual relationship.

14.    After having been told on numerous occasions that the Plaintiff was not interested in a sexual relationship, Defendant Nguyen terminated the Plaintiff's employment causing her significant lost income and business opportunities, as well as a loss to her professional reputation in the community.

15.    As a direct and proximate result of Defendant's quid pro quo and hostile working environment, the Plaintiff was repeatedly damaged, demoralized, and suffered severe emotional damages, as well as lost income, lost business opportunity, and loss of professional reputation in the community.

## COUNT I
## ASSAULT

16.    Plaintiff, Angela Nguyen, repeats and re-alleges paragraphs one (1) through fifteen (15)  as though fully stated herein.

17.    Defendant Nguyen caused the Plaintiff to be in fear of imminent harmful or offensive contact to her person by the defendant.

18.    As a direct and proximate result of Defendant Nguyen's assault of the Plaintiff, the Plaintiff suffered severe emotional damages, as well as lost income, lost business opportunity, and loss of professional reputation in the community.

**WHEREFORE,** the Plaintiff demands judgment against Defendants in an amount sufficient to compensate her for her losses, including attorneys' fees and costs.

## COUNT II
## BATTERY

19.    Plaintiff repeats and re-alleges paragraphs one (1) through eighteen (18) as though fully stated herein.

20.    Defendant Nguyen, on numerous occasions between October of 2003, and approximately May of 2004, made harmful and offensive contact with the person of the Plaintiff.

21.    As a direct and proximate result of Defendant Nguyen's battery of the Plaintiff, the Plaintiff suffered severe emotional damages, as well as lost income, lost business opportunity, and loss of professional reputation in the community.


**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.


## COUNT III
## FALSE IMPRISONMENT

22.    Plaintiff repeats and re-alleges paragraphs one (1) through twenty-one (21) as though fully stated herein.

23.    On numerous and various occasions between October of 2003 and approximately May of 2004, Defendant Nguyen, without legal justification, confined the Plaintiff against her will and refused to permit her to leave.


4

24.    As a direct and approximate result of the false imprisonment committed by the
Defendant Nguyen, the Plaintiff has sustained severe emotional distress, has
suffered severe emotional damages, as well as lost income, lost business
opportunity, and loss of professional reputation in the community.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an
amount sufficient to compensate her for her losses plus attorneys' fees and costs.

**COUNT IV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

25.    Plaintiff repeats and re-alleges paragraphs one (1) through twenty-four (24) as
though fully stated herein.

26.    Defendant Nguyen intentional and willfully inflicted emotional distress upon the
Plaintiff as a result of his course of conduct which was designed to coerce the
Plaintiff into having an unwanted sexual relationship in exchange for job
opportunities.

27.    As a direct and proximate result of the defendant's intentional infliction of
emotional distress, the Plaintiff suffered severe emotional damages, as well as lost
income, lost business opportunity, and loss of professional reputation in the
community.

WHEREFORE, the Plaintiff demands judgment against defendant in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

## COUNT V
## UNLAWFUL DISCRIMINATION

28.     The Plaintiff, repeats and re-alleges paragraphs one (1) through twenty-seven (27) as though fully stated herein.

29.     Within three hundred (300) days of the occurrence of the last acts of sexual harassment and unlawful discrimination alleged herein, Plaintiff filed an appropriate Charge of Discrimination with the Massachusetts Commission Against Discrimination *[hereinafter "MCAD"]*, which was assigned Docket No. 04BEM02122.

30.     The foregoing Charge of Discrimination charged the Defendants with the acts of discrimination and sexual harassment alleged in this Complaint, was duly served upon the Defendant, and afforded the Defendants with an opportunity to participate in administrative reconciliation proceedings through the MCAD. A true and correct copy of the aforementioned Charge of Discrimination is attached to this Complaint as Exhibit "A".

31.     After investigating Plaintiff's Charge of Discrimination, the MCAD, through its Investigating Commissioner, issued to Plaintiff a Notice of Dismissal and Notification of Rights Letter, a copy of which is attached to this Complaint as Exhibit "B".

6

32.    In full compliance with the provisions of M.G.L.A. §151B *et seq.*, Plaintiff has exhausted all available administrative remedies and has timely filed this civil action.

33.    Despite Plaintiff's performance of her assigned duties in an exemplary and professional manner at all times during the course of her employment with the Defendant Corporation, Defendant Nguyen discriminated against Plaintiff in terms, conditions and privileges of employment because of Plaintiff's female gender in violation of M.G.L.A. 151B §4 (1).

34.    Despite Plaintiff's performance of her assigned duties in an exemplary and professional manner at all times during the course of her employment with the Defendant, Defendant discharged Plaintiff from employment because of Plaintiff's female gender in violation of M.G.L.A. 151B §4 (1).

35.    Defendants purposefully and maliciously and without justification or excuse forced the Plaintiff to suffer discriminatory terms, conditions, privileges of employment and discharge because of Plaintiff's female gender in violation of M.G.L.A. 151B §4 (1).

36.    As a result of the course of Defendants' discriminatory treatment, Plaintiff has suffered and will continue to suffer severe emotional and physical injuries and stands entitled to recover pecuniary, compensatory, and exemplary damages.

**WHERFORE,** Plaintiff demands judgment against Defendants in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

7

## COUNT VI
## HOSTILE ENVIRONMENT HARASSMENT

37.    The Plaintiff repeats and re-alleges paragraphs one (1) through thirty-six (36) as though fully stated herein.

38.    In full compliance with the provisions of M.G.L.A. §151B *et seq.*, Plaintiff has exhausted all available administrative remedies and has timely filed this civil action.

39.    Defendant's verbal and physical conduct of a sexual nature unfairly infringed on Plaintiff's work performance by producing an intimidating, hostile, humiliating and sexually offensive work environment.

40.    Defendant's conduct was unwanted and unwelcome and affected tangible aspects of Plaintiff's employment.

41.    Defendant's conduct alleged above was constant and severe.

42.    The above-referenced conduct constitutes an actionable hostile work environment in violation of M.G.L.A 151B §4 (16A) for which Plaintiff is entitled to recover injunctive relief, compensatory, punitive, and exemplary damages.


WHEREFORE, Plaintiff demands judgment against Defendants in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.


## COUNT VII
## QUID PRO QUO SEXUAL HARASSMENT

8

43.    The Plaintiff repeats and re-alleges paragraphs one (1) through forty-one (41) as though fully stated herein.

44.    In full compliance with the provisions of M.G.L.A. §151B *et seq.*, Plaintiff has exhausted all available administrative remedies and has timely filed this civil action.

45.    Defendant requested sexual favors and acquiescence in sexual advances as a condition of Plaintiff's employment and as a basis for employment decisions made in regard to Plaintiff.

46.    The adverse employment actions taken by Defendant in retaliation for Plaintiff's refusal to perform sexual favors or acquiesce in sexual advances constitute a case of quid pro quo sexual harassment in violation of M.G.L.A 151B §4 (16A) for which Plaintiff is entitled to recover injunctive relief, compensatory, punitive, and exemplary damages.

**WHERFORE**, Plaintiff demands judgment against Defendants in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

## COUNT VIII

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USCA §§2000e *et seq.*

9

46.    The Plaintiff repeats and re-alleges paragraphs one (1) through forty-four (44) as though fully stated herein.

47.    Within one hundred and eighty (180) days of the occurrence of the last acts of sexual harassment and unlawful discrimination alleged herein, Plaintiff filed an appropriate Charge of Discrimination with the Equal Employment Opportunity Commission *[hereinafter "EEOC"]*, which was designated Docket No. 16CA402245.

48.    The foregoing Charge of Discrimination charged the Defendants with the acts of discrimination and sexual harassment alleged in this Complaint, was duly served upon the Defendants, and afforded the Defendants with an opportunity to participate in administrative reconciliation proceedings through the EEOC. A true and correct copy of the aforementioned Charge of Discrimination is attached to this complaint as Exhibit "A".

49.    In full compliance with the provisions of 42 U.S.C.A. 2000e (5), Plaintiff has exhausted all available administrative remedies and has timely filed this civil action.

50.    The adverse employment actions taken by Defendant in retaliation for Plaintiff's refusal to perform sexual favors or acquiesce in sexual advances constitute a case of quid pro quo sexual harassment in violation of 42 USCA §§2000e *et seq.* for which Plaintiff is entitled to recover injunctive relief, compensatory, punitive, and exemplary damages.

**WHERFORE**, Plaintiff demands judgment against Defendants in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

10

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Dated: 2/25/05

Respectfully Submitted,

Plaintiff,

By Her Attorney,

I HEREBY ATTEST AND CERTIFY ON
MARCH 31, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK.

Michael P. Robinson, Esq.
B.B.O. #649575
THE LAW OFFICES OF
STEPHEN M. ROBINSON
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(Fax) 331-7888

11

# CHARGE OF DISCRIMINATION EX A

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| x | FEPA | |
| x | EEOC | |

| | | and EEOC |
|---|---|---|

State or local Agency, if any

**NAME** (Indicate Mr., Ms., Mrs.)
Ms. Angela Nguyen

**HOME TELEPHONE** (Include Area Code)
(978) 758-7779

**STREET ADDRESS**          **CITY, STATE AND ZIP CODE**
112 Rockingham Road    Londonderry, NH 03053

**DATE OF BIRTH**

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (if more than one list below.)

**NAME**
National Lending Corporation

**NUMBER OF EMPLOYEES, MEMBERS**
Unknown

**TELEPHONE** (Include Area Code)
(713)974-0748

**STREET ADDRESS**          **CITY, STATE AND ZIP CODE**
3673 Westcenter Drive    Houston, TX  77042

**COUNTY**

**NAME**
Hao Nguyen

**TELEPHONE NUMBER** (Include Area Code)
(713)974-0748

**STREET ADDRESS**          **CITY, STATE AND ZIP CODE**
3673 Westcenter Drive    Houston, TX  77042

**COUNTY**

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

[ ] RACE  [ ] COLOR  [x] SEX  [ ] RELIGION  [ ] AGE
[ ] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA)          LATEST (ALL)
October, 2003 Approx.          April, 2004

[x] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

Beginning in October of 2003, Hao Nguyen and NLC embarked on a pattern of discrimination and sexual harassment of the complainant. Numerous employment related promises and benefits were provided to the complainant that were not provided to others, and she was provided unusual assistance in setting up her own business office. Mr. Nguyen and National Lending Corporation began to make clear soon after these benefits had been provided that these benefits were contingent on a sexual relationship with Hao Nguyen. Mr. Nguyen physically assaulted the complainant on several occasions and made it clear that he was seeking a sexual relationship with complainant When the complainant refused to participate in any type of sexual relation-ship, she was fired from her employment. The complainant lost all of the employees that she had worked so hard to recruit, and sustained significant lost wages, pain and suffering, emotional distress, and other permanent and debilitating injuries.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

**NOTARY** - (When necessary for State and Local Requirements)

I declare under penalty of perjury that the foregoing is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

**SIGNATURE OF COMPLAINANT**

Date 7/28/04    Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)
7/28/04

my commission expires: 2/1/06

EEOC FORM 5 (Test 10/94)

# MEMORANDUM

| | |
|---|---|
| To Case File: | **Nguyen v. National Lending Corp., et al.** |
| Docket #: | **04-BEM-02122** |
| EEOC # | **16CA402245**    *25+ employees* |
| From: | Neldy Jean-Francois, Investigator |
| Re: | Recommendation for Dismissal of Complaint |

## Issues Investigated:

The issue presented is whether Respondents unlawfully discriminated against Complainant by subjecting her to unequal treatment based on her sex (female) and quid pro quo sexual harassment in violation of Massachusetts General Laws Chapter 151B, Section 4, Paragraph 1, & 16A, and Title VII of the 1964 Civil Rights Act, as amended.

## Recommendation:

On July 30, 2004 Complainant filed a complaint with this Commission alleging unlawful discrimination.

On November 17, 2004 the Commission received Complainant's formal request to withdraw her complaint with the Commission and the EEOC because she wished to file a civil action on the same matter in court. Complainant acknowledges that she is aware that it is unlawful for any person to coerce her into requesting this dismissal.

Therefore, it is recommended that the Complainant's request be granted.


Neldy Jean-Francois
Investigator

Jean A. Clanton
Supervisor

EX B

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place , Boston, MA 02108**
Phone: (617) 994-6000 Fax: (617) 994-6024

DISMISSAL and NOTIFICATION of RIGHTS

NOV 2 9 2004

To: Michael P. Robinson, Esq.
155 South Main Street
Providence, RI 02903

Case: Angela Nguyen v. National Lending
Corporation, Hao Nguyen
MCAD Docket Number: 04BEM02122
EEOC Number: 16CA402245  25+ employees
Investigator: Neldy Jean-Francois

Your complaint has been dismissed for the following reasons:

[ ]    The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ]    Respondent employs less than the required number of employees.

[ ]    Your complaint was not timely filed with the Commission, i.e. you waited too
long after the date(s) of the alleged discrimination to file. Because it was filed outside the time
limit prescribed by law, the Commission cannot investigate your allegations.

[ ]    You failed to provide requested information, failed or refused to appear or to be available for
necessary interviews/conference, or otherwise refused to cooperate to the extent that the
Commission has been unable to resolve your complaint. You have had more than 30 days in which
to respond to our written request.

[ ]    The Commission's efforts to locate you have been unsuccessful. You have had at
least 30 days in which to respond to a notice sent to your last known address.

[ ]    The Respondent has made a reasonable settlement, offering full relief for the
harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[ ]    The Commission issues the following determination. Based upon the
Commission's investigation, the Commission is unable to conclude that the information obtained
establishes a violation of the statutes. This does not certify that the Respondent is in compliance
with the statutes. No finding is made as to any other issues that might be construed as having been
raised by this complaint.

[XX]    Other (briefly state) Complainant wishes to file a civil action on the same matter in court.

Walter J. Sullivan Jr.
Investigating Commissioner

Date  11/19/04

Cc:
Hao Nguyen
National Lending Corporation
3673 Westcenter Drive
Houston, TX 77042

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

FILED
MAS OFFICE

## SUCV2005-00774
## Nguyen v National Lending Corporation et al

| | | | |
|---|---|---|---|
| **File Date** | 02/28/2005 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 03/28/2005 | **Session** | C - Civil C |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination |
| **Lead Case** | | **Track** | F |

| | | | |
|---|---|---|---|
| **Service** | 05/29/2005 | **Answer** | 07/28/2005 | **Rule12/19/20** | 07/28/2005 |
| **Rule 15** | 07/28/2005 | **Discovery** | 12/25/2005 | **Rule 56** | 01/24/2006 |
| **Final PTC** | 02/23/2006 | **Disposition** | 04/24/2006 | **Jury Trial** | Yes |

PARTIES

**Plaintiff**
Angela Nguyen
Active 02/28/2005

**Private Counsel 649575**
Michael P. Robinson
155 South Main Street
Providence, RI 02903
Phone: 401-331-6565
Fax: 401-331-7373
Active 02/28/2005 Notify

**Defendant**
National Lending Corporation
Served: 03/21/2005
Served (answr pending) 03/21/2005

**Private Counsel 561558**
Tamsin R Kaplan
Tamsin R Kapla & Associates
90 Concord Ave
Belmont, MA 02478
Phone: 617-484-3210
Fax:
Active 03/28/2005 Notify

**Private Counsel 645086**
Heather M Nelson
Tamsin R Kaplan & Associates
90 Concord Ave
Belmont, MA 02478
Phone: 617-484-3210
Active 03/28/2005 Notify

**Defendant**
Hao Nguyen
Served: 03/21/2005
Served (answr pending) 03/21/2005

**Private Counsel 561558**
Tamsin R Kaplan
Tamsin R Kapla & Associates
90 Concord Ave
Belmont, MA 02478
Phone: 617-484-3210
Fax:
Active 03/28/2005 Notify

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2005-00774
## Nguyen v National Lending Corporation et al

| | Private Counsel 645086 |
|---|---|
| | Heather M Nelson |
| | Tamsin R Kaplan & Associates |
| | 90 Concord Ave |
| | Belmont, MA 02478 |
| | Phone: 617-484-3210 |
| | Active 03/28/2005 Notify |
| **Defendant**<br>Hao Nguen Chairman & Ceo National Lending Corporation<br>Service pending 02/28/2005 | |

ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/28/2005 | 1.0 | Complaint  filed with request for trial by jury |
| 02/28/2005 | | Origin 1, Type B22, Track F. |
| 02/28/2005 | 2.0 | Civil action cover sheet filed |
| 03/21/2005 | 2.1 | Stipulation that Attorney Tansin R. Kaplan accepts service of process |
| | | on behalf of defts. National Lending Corp and Hao Nguyen |
| 03/28/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. |
| | | National Lending Corporation, and Hao Nguyen U. S. |
| | | Dist.#(05-10531JLT). |
| 03/28/2005 | | Case REMOVED this date to US District Court of Massachusetts |

EVENTS

. HEREBY ATTEST AND CERTIFY ON

<u>MARCH 31, 2005</u>THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK.

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 05-0778C | Trial Court of Massachusetts Superior Court Department County: Su |
|---|---|---|

PLAINTIFF(S)
Angela Nguyen

DEFENDANT(S)
Nat'l Lending Corporation and Huc Nguyen et al.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Michael P. Raymond
The Law Offices of Stephen M. Robinson
155 South Main St., Providence, RI 02903
Board of Bar Overseers number: (401) 331-6565   860-449-5755

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . .     Subtotal $
B. Documented lost wages and compensation to date . . . . . . . $
C. Documented property damages to date . . . . . . . . . . . . . . . $
D. Reasonably anticipated future medical and hospital expenses . . $
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . $
F. Other documented items of damages (describe)
                                                                          $ . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   severe emotional and psychological injuries
                                                                          $ 75,000.00
                                                          TOTAL $ 75,000.00

(side text, vertical) MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE   2005 FEB 28   2:50   SUPERIOR COURT CIVIL CLERK'S OFFICE

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                          TOTAL $ . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 2/25/05

I HEREBY ATTEST AND CERTIFY ON
MARCH 31, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.

## COMMONWEALTH OF MASSACHUSETTS

**SUPERIOR COURT**                                   **SUFFOLK COUNTY**

ANGELA NGUYEN,

     PLAINTIFF,

VS.                                                   C.A NO: SUCV 2005-00774

NATIONAL LENDING CORPORATION
 AND HAO NGUYEN,

     DEFEFDANT

### <u>STIPULATION</u>

It is hereby agreed, by and between the parties, that attorney Tamsin R. Kaplan hereby

accepts service of process of behalf of the defendants, National Lending Corporation and

Hao Nguyen.


_____              _____
Michael P. Robinson, Esq. # 649575            Tamsin R. Kaplan, and Associates P.C.
155 South Main Street, Suite 402              90 Concord Avenue
Providence, RI 02903                          Belmont, MA 02478

. HEREBY ATTEST AND CERTIFY ON
MARCH 31, 2005 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.