UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGELA NGUYEN, | ) |
| | ) |
| Plaintiff and | ) |
| Defendant-in-Counterclaim, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL LENDING | ) |
| CORPORATION, | ) |
| | ) |
| Defendant and | ) |
| Plaintiff-in-Counterclaim, | ) |
| | ) |
| and HAO NGUYEN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Civil Action No. 05-10531-JLT

JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(d)

The parties submit this Joint Statement pursuant to Local Rule 16.1 of the United

States District Court for the District of Massachusetts and the Court's Notice of

Scheduling Conference.  The parties present the following summaries of their respective

positions in this case and agree and request that the Court approve the following proposed

Pretrial Schedule and Discovery Plan:

Concise Summary of Position Asserted by Plaintiff
and Defendant-in-Counterclaim Angela Nguyen

The plaintiff alleges sexual harassment sustained at the hands of her former

employer, Hao Nguyen, President and CEO of National Lending Corporation.  Mr.

Nguyen physically and emotionally harassed the plaintiff, on several occasions physically

sexually assaulting her.  When the plaintiff would not respond to his unwanted sexual

1

advances, she was terminated from her position as a branch manager with National

Lending Corporation.

Specifically, the plaintiff was hired in approximately October of 2003 by Hao

Nguyen.  Mr. Nguyen paid all of the plaintiff's business expenses, which on information

and belief was not done for any other similarly situated employees.  Over the course of

the next several months, Mr. Nguyen embarked on a course of conduct consisting of

unwanted physical contact, verbal harassment, and ultimately an assault in a motel room.

The plaintiff was frequently placed into a situation where she felt that Mr. Nguyen had

restricted her ability to leave.  After repeatedly asserting that she was not interested in

this type of a relationship with the defendant, the plaintiff was terminated.

As a direct and proximate result of the defendants' actions, the plaintiff suffered

lost wages, and tremendous emotional stress, for which she sought counseling and

treatment.  The plaintiff also suffered from physical symptoms related to her intense

anxiety and distress caused by this incident and her tarnished reputation in the

community.  Additionally, her marriage ended because of her husband's inability to

reconcile himself to the assaults committed by the defendant.

The plaintiff denies that she breached any contracts with the defendant with

respect to non-compete or non-solicitation clauses.  Furthermore, as she was terminated

prior to engaging in any other form of employment, her obligations under the contract, if

any, were rendered null and void based upon the defendant's egregious behavior.

Accordingly, the plaintiff denies that she has any liability under the defendants'

counterclaim.

Concise Summary of Position Asserted by Defendant and Plaintiff-in-Counterclaim
National Lending Corporation and Defendant Hao Nguyen,

Defendants adamantly deny Ms. Nguyen's claims of assault, battery, false imprisonment, intentional infliction of emotional distress, unlawful discrimination, and sexual harassment.  Defendants at all times acted lawfully toward Ms. Nguyen, and terminated their relationship with her for a legitimate, nondiscriminatory reason.

Plaintiff, Angela Nguyen, was an independent contractor working as a loan originator for National Lending Corporation from in or about October 2003 until on or about April 27, 2004.   NLC terminated its relationship with Ms. Nguyen for the following reasons:  (1)  In or around March 2004, she encouraged a number of NLC loan originators working out of NLC's Lowell, Massachusetts, office to leave NLC and work for another local mortgage company, in violation of the non-interference clause in the contract between Ms. Nguyen and NLC; and (2) On or about April 22, 2004, without NLC authorization, Ms. Nguyen changed the locks on the front door of NLC's Lowell office, preventing other NLC loan originators from entering the building and conducting business, in violation of the non-interference clause in her contract with NLC.

Since that time, Ms. Nguyen has worked as a loan originator for several local mortgage companies located within a five-mile radius of NLC's Lowell office, in violation of the non-competition clause in her contract with NLC.  Ms. Nguyen has solicited more than ten NLC customers to do business with a competitor of NLC and to sever their business relationships with NLC, in violation of the non-solicitation clause in her contract with NLC.

By her actions, Ms. Nguyen has breached her contract with NLC, and has maliciously interfered with NLC's advantageous business and contractual relations.

Proposed Pretrial Schedule and Discovery Plan

| | |
|---|---|
| December 31, 2005 | Deadline for completion of all fact discovery, including requests for production of documents, interrogatories and fact witness depositions. The parties agree that each side is allowed to take one deposition in excess of seven hours. |
| February 28, 2006 | Deadline for filing dispositive motions, if any party determines that such a motion is appropriate. |
| March 31, 2006 | Deadline for filing oppositions, if any, to dispositive motions. A moving party may file a reply to the opposition of the responding party. |
| 30 days after Court Ruling on any Dispositive Motion | Plaintiff/Defendant-in-Counterclaim discloses experts and expert reports. |
| 45 days later | Defendants/Plaintiff-in-Counterclaim disclose experts and expert reports |
| 45 days later | Deposition of all experts to be completed. |

The parties further understand and agree that this discovery schedule assumes the cooperation of the parties, all third-party witnesses and expert witnesses. The parties further agree that requests for additional time for discovery may be made and shall be reasonably agreed to in the even of delays occasioned by discovery disputes requiring a decision by the Court and/or the unavailability of fact or expert witnesses due to vacation or work schedules.

<u>CERTIFICATIONS</u>

Undersigned counsel hereby certify that they have conferred and that all parties

file this Statement Pursuant to Local Rule 16.1(d) jointly.  In addition, Local Rule

16.1(d)(3) certifications will be filed by each of the parties under separate cover.

The parties decline to have a trial in front of a Magistrate.

WHEREFORE, the parties respectfully request that the Court approve their Proposed

Pretrial Schedule and Discovery Plan, with such amendments as the Court deems just and

proper.

Respectfully submitted,

ANGELA NGUYEN

By her attorneys,

/s/ Michael P. Robinson (TRK)_____
Michael P. Robinson (BBO #649575)
THE LAW OFFICES OF
STEPHEN M. ROBINSON
155 South Main Street
Providence, RI  02903
(401) 331-6565

NATIONAL LENDING CORPORATION
and HAO NGUYEN

By their attorneys,

/s/ Tamsin R. Kaplan_____
Tamsin R. Kaplan (BB0 #561558)
TAMSIN R. KAPLAN & ASSOCIATES, P.C.
90 Concord Avenue
Belmont, MA  02478
(617) 484-3210

Dated: June 17, 2005

CERTIFICATE OF SERVICE

I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 17th day of June, 2005, by electronic filing and first class mail, postage pre-paid, to attorney for the Plaintiff and Defendant-in-Counterclaim, Michael P. Robinson, Esq., Law Offices of Stephen M. Robinson, 155 South Main Street, Suite 402, Providence, RI  02903-7115.


/s/ Tamsin R. Kaplan_____
Tamsin R. Kaplan