**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **ANGELA NGUYEN**<br>**Plaintiff** | : | |
| **VS.** | : | **C.A. No. 05-10531-JLT** |
| **NATIONAL LENDING CORPORATION, and HAO NGUYEN**<br>**Defendant** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Now comes the plaintiff, and hereby submits this memorandum of law in support of her motion for leave to file an amended complaint to include a new Count IX, in substantially the form attached hereto as ***Exhibit A***.

## I. FACTS/TRAVEL

The above-referenced case involves a claim for sexual harassment, discrimination, assault, battery, and a number of related claims arising out of the plaintiff's employment with the defendant company. The plaintiff alleges specifically that she was hired in October of 2003 by defendant Hao Nguyen, CEO of defendant National Lending Corporation. Mr. Nguyen paid all of the plaintiff's business expenses, which on information and belief was not done for any other similarly situated employees. Over the course of the next several months, Mr. Nguyen embarked on a course of conduct consisting of unwanted physical contact, verbal harassment, and ultimately an assault in a motel room. The plaintiff was frequently placed into a situation where she felt that Mr. Nguyen had restricted her ability to leave. After repeatedly asserting that she was not interested in this type of a relationship with the defendant, the plaintiff was terminated.

This lawsuit had its procedural genesis at the Massachusetts Commission Against Discrimination (MCAD), where the plaintiff initially filed charges in June of 2004. In November of 2004, the plaintiff withdrew her claim at the MCAD in favor of filing suit in the Suffolk County Superior Court. In late March of 2005, the defendants removed the case to this Court. The plaintiff now seeks to amend her complaint to include a new Count IX, which alleges negligent hiring and supervision with respect to defendant, National Lending Corporation.

## II. ARGUMENT

Amendment of pleadings is governed by Rule 15(a) of the Federal Court Rules of Civil Procedure. Rule 15 provides, in pertinent part, that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

As there is no prejudice to the opposing party in the instant case, and as the matter is still in the very early stages of litigation, the plaintiff requests leave to add this new count to her complaint.

The First Circuit Federal Court has affirmed that the "policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus 'unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" Benitez-Allende v. Brazil, 857 F.2d 26 (1st Cir. 1988) (*quoting* Espy v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984). *See also* Ondis v. Barrows, 538 F.2d

904 (1st Cir. 1976) (holding that "justification required" to deny motion to amend in light of statutory recognition of granting such motions liberally. Although motions to amend may be denied in the face of "extreme delay," there is clearly no prejudice to the defendants in this case nor has there been any substantial delay at all. *See* Walton v. Nalco Chemical Co., 272 F.3d 13 (1st Cir. 2001). In fact, the defendants only removed this case to the federal court in March of 2005.

A period of some four months cannot represent sufficient prejudice to the defendants to deny the plaintiff's motion to amend to include a legitimate cause of action. Discovery has not even yet begun in earnest, and the first deposition is not scheduled until August 17, 2005. The defendants have more than adequate time and opportunity to investigate, discover and defend against the new count, which is in essence significantly related to those counts already existing in this case. There is clearly no substantial reason or justification for denying the plaintiff's motion for leave to amend.

As Rule 15 requires that motions to amend be granted liberally as justice requires, as there is no conceivable prejudice to the defendants in granting this motion to amend, and as justice requires permitting the plaintiff a full and adequate hearing on the merits of her claim, the plaintiff respectfully requests the amendment of her complaint to add Count IX in the form attached hereto.

**WHEREFORE**, plaintiff requests that her motion to amend be granted at this time.

Respectfully Submitted,

Plaintiff,

By her attorneys,

Michael P. Robinson BBO#649575
THE LAW OFFICES OF
STEPHEN M. ROBINSON
155 South Main Street
Providence, RI 02903

TO: Tamsin R. Kaplan
TAMSIN R. KAPLAN & ASSOCIATES
90 Concord Avenue
Belmont, MA 02478

**CERTIFICATION**

I hereby certify that on this 9 day of August, 2005, I mailed a true and accurate copy of the within Memorandum of Law in Support of Motion to Amend to the above-named attorney of record. **I also certify, pursuant to Local rule 7.1(a)(2), that I have made a good faith attempt to confer with opposing counsel to resolve or narrow the issue.**