UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **ANGELA NGUYEN,** | : | |
| **PLAINTIFF,** | : | |
| Vs. | : | C.A. 05-10531-JLT |
| **NATIONAL LENDING CORPORATION** | : | |
| **Defendant and Plaintiff-in-Counterclaim** | : | |
| and **HAO NGUYEN** | : | |
| **DEFENDANT** | : | |

## FIRST AMENDED COMPLAINT

Now comes the plaintiff, Angela Nguyen, who hereby complains and makes demand for relief as follows:

1. Plaintiff, Angela Nguyen, is a resident of Lowell, Massachusetts.

2. Defendant, National Lending Corporation, is a Texas Corporation with a principal place of business located in Houston, Texas.

3. The defendant conducts business throughout the United States, and has several offices in the Commonwealth of Massachusetts.

4. The defendant, Hao Nguyen, on information and belief, is a resident of Texas.

5. Defendant Nguyen is also the Chairman and CEO of National Lending Corporation, and he conducts business in the Commonwealth of Massachusetts on a regular basis.

6. Jurisdiction is appropriate with this court pursuant to MASS. GEN. LAWS ANN. ch.

1

223A §3 (West 2000).

7. The Plaintiff met Defendant Nguyen in October of 2003, when he was speaking at a conference in Boston.

8. The Defendant offered to assist the Plaintiff in establishing her own office in Lowell, Massachusetts.

9. The Defendant paid all of Plaintiff's expenses in establishing the office including rent, money for improvements, signs, phones, gas, computers, tables, desks and electricity.

10. No other employees were provided with this much assistance by Defendant Nguyen or Defendant Corporation in establishing office space.

11. Defendant Nguyen, over the course of the next several months, engaged in a course of conduct where he made clear that he was interested in a sexual relationship with Plaintiff, and that this interest was the basis for the assistance he was providing to her.

12. Over the course of the next several months Defendant Nguyen continued to make numerous unwanted physical advances on the Plaintiff, causing her a great deal of stress and anxiety.

13. In or about January of 2000, Defendant Nguyen coerced the Plaintiff into being alone in a room with him, at which time he made repeated physical sexual advances on the Plaintiff in spite of being advised on numerous occasions by the Plaintiff that she was not interested in a sexual relationship.

14. After having been told on numerous occasions that the Plaintiff was not interested in a sexual relationship, Defendant Nguyen terminated the Plaintiff's employment

causing her significant lost income and business opportunities, as well as a loss to her professional reputation in the community.

15. As a direct and proximate result of Defendant's quid pro quo and hostile working environment, the Plaintiff was repeatedly damaged, demoralized, and suffered severe emotional damages, as well as lost income, lost business opportunity, and loss of professional reputation in the community.

## COUNT I
## ASSAULT

16. Plaintiff, Angela Nguyen, repeats and re-alleges paragraphs one (1) through fifteen (15) as though fully stated herein.

17. Defendant Nguyen caused the Plaintiff to be in fear of imminent harmful or offensive contact to her person by the defendant.

18. As a direct and proximate result of Defendant Nguyen's assault of the Plaintiff, the Plaintiff suffered severe emotional damages, as well as lost income, lost business opportunity, and loss of professional reputation in the community.

**WHEREFORE**, the Plaintiff demands judgment against Defendants in an amount sufficient to compensate her for her losses, including attorneys' fees and costs.

## COUNT II
## BATTERY

19. Plaintiff repeats and re-alleges paragraphs one (1) through eighteen (18) as though fully stated herein.

20. Defendant Nguyen, on numerous occasions between October of 2003, and approximately May of 2004, made harmful and offensive contact with the person of the Plaintiff.

21. As a direct and proximate result of Defendant Nguyen's battery of the Plaintiff, the Plaintiff suffered severe emotional damages, as well as lost income, lost business opportunity, and loss of professional reputation in the community.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

<u>**COUNT III**</u>
<u>**FALSE IMPRISONMENT**</u>

22. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-one (21) as though fully stated herein.

23. On numerous and various occasions between October of 2003 and approximately May of 2004, Defendant Nguyen, without legal justification, confined the Plaintiff against her will and refused to permit her to leave.

24. As a direct and approximate result of the false imprisonment committed by the Defendant Nguyen, the Plaintiff has sustained severe emotional distress, has

4

suffered severe emotional damages, as well as lost income, lost business opportunity, and loss of professional reputation in the community.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-four (24) as though fully stated herein.

26. Defendant Nguyen intentional and willfully inflicted emotional distress upon the Plaintiff as a result of his course of conduct which was designed to coerce the Plaintiff into having an unwanted sexual relationship in exchange for job opportunities.

27. As a direct and proximate result of the defendant's intentional infliction of emotional distress, the Plaintiff suffered severe emotional damages, as well as lost income, lost business opportunity, and loss of professional reputation in the community.

**WHERFORE**, the Plaintiff demands judgment against defendant in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

5

## COUNT V
## UNLAWFUL DISCRIMINATION

28. The Plaintiff, repeats and re-alleges paragraphs one (1) through twenty-seven (27) as though fully stated herein.

29. Within three hundred (300) days of the occurrence of the last acts of sexual harassment and unlawful discrimination alleged herein, Plaintiff filed an appropriate Charge of Discrimination with the Massachusetts Commission Against Discrimination *[hereinafter "MCAD"]*, which was assigned Docket No. 04BEM02122.

30. The foregoing Charge of Discrimination charged the Defendants with the acts of discrimination and sexual harassment alleged in this Complaint, was duly served upon the Defendant, and afforded the Defendants with an opportunity to participate in administrative reconciliation proceedings through the MCAD. A true and correct copy of the aforementioned Charge of Discrimination is attached to this Complaint as Exhibit "A".

31. After investigating Plaintiff's Charge of Discrimination, the MCAD, through its Investigating Commissioner, issued to Plaintiff a Notice of Dismissal and Notification of Rights Letter, a copy of which is attached to this Complaint as Exhibit "B".

32. In full compliance with the provisions of M.G.L.A. §151B *et seq.*, Plaintiff has exhausted all available administrative remedies and has timely filed this civil action.

6

33. Despite Plaintiff's performance of her assigned duties in an exemplary and professional manner at all times during the course of her employment with the Defendant Corporation, Defendant Nguyen discriminated against Plaintiff in terms, conditions and privileges of employment because of Plaintiff's female gender in violation of M.G.L.A. 151B §4 (1).

34. Despite Plaintiff's performance of her assigned duties in an exemplary and professional manner at all times during the course of her employment with the Defendant, Defendant discharged Plaintiff from employment because of Plaintiff's female gender in violation of M.G.L.A. 151B §4 (1).

35. Defendants purposefully and maliciously and without justification or excuse forced the Plaintiff to suffer discriminatory terms, conditions, privileges of employment and discharge because of Plaintiff's female gender in violation of M.G.L.A. 151B §4 (1).

36. As a result of the course of Defendants' discriminatory treatment, Plaintiff has suffered and will continue to suffer severe emotional and physical injuries and stands entitled to recover pecuniary, compensatory, and exemplary damages.

**WHERFORE**, Plaintiff demands judgment against Defendants in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

## COUNT VI
### HOSTILE ENVIRONMENT HARASSMENT

37. The Plaintiff repeats and re-alleges paragraphs one (1) through thirty-six (36) as though fully stated herein.

38. In full compliance with the provisions of M.G.L.A. §151B *et seq.*, Plaintiff has exhausted all available administrative remedies and has timely filed this civil action.

39. Defendant's verbal and physical conduct of a sexual nature unfairly infringed on Plaintiff's work performance by producing an intimidating, hostile, humiliating and sexually offensive work environment.

40. Defendant's conduct was unwanted and unwelcome and affected tangible aspects of Plaintiff's employment.

41. Defendant's conduct alleged above was constant and severe.

42. The above-referenced conduct constitutes an actionable hostile work environment in violation of M.G.L.A 151B §4 (16A) for which Plaintiff is entitled to recover injunctive relief, compensatory, punitive, and exemplary damages.

**WHERFORE**, Plaintiff demands judgment against Defendants in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

## COUNT VII
## QUID PRO QUO SEXUAL HARASSMENT

43. The Plaintiff repeats and re-alleges paragraphs one (1) through forty-one (41) as though fully stated herein.

44. In full compliance with the provisions of M.G.L.A. §151B *et seq.*, Plaintiff has exhausted all available administrative remedies and has timely filed this civil action.

45. Defendant requested sexual favors and acquiescence in sexual advances as a condition of Plaintiff's employment and as a basis for employment decisions made in regard to Plaintiff.

46. The adverse employment actions taken by Defendant in retaliation for Plaintiff's refusal to perform sexual favors or acquiesce in sexual advances constitute a case of quid pro quo sexual harassment in violation of M.G.L.A 151B §4 (16A) for which Plaintiff is entitled to recover injunctive relief, compensatory, punitive, and exemplary damages.

**WHERFORE**, Plaintiff demands judgment against Defendants in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

## COUNT VIII

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USCA §§2000e *et seq.*

46. The Plaintiff repeats and re-alleges paragraphs one (1) through forty-four (44) as though fully stated herein.

47. Within one hundred and eighty (180) days of the occurrence of the last acts of sexual harassment and unlawful discrimination alleged herein, Plaintiff filed an appropriate Charge of Discrimination with the Equal Employment Opportunity Commission *[hereinafter "EEOC"]*, which was designated Docket No. 16CA402245.

48. The foregoing Charge of Discrimination charged the Defendants with the acts of discrimination and sexual harassment alleged in this Complaint, was duly served upon the Defendants, and afforded the Defendants with an opportunity to participate in administrative reconciliation proceedings through the EEOC. A true and correct copy of the aforementioned Charge of Discrimination is attached to this complaint as Exhibit "A".

49. In full compliance with the provisions of 42 U.S.C.A. 2000e (5), Plaintiff has exhausted all available administrative remedies and has timely filed this civil action.

50. The adverse employment actions taken by Defendant in retaliation for Plaintiff's refusal to perform sexual favors or acquiesce in sexual advances constitute a case of quid pro quo sexual harassment in violation of 42 USCA §§2000e *et seq.* for which Plaintiff is entitled to recover injunctive relief, compensatory, punitive, and exemplary damages.

**WHERFORE**, Plaintiff demands judgment against Defendants in an amount sufficient to compensate her for her losses plus attorneys' fees and costs.

### COUNT IX

## NEGLIGENT HIRING AND SUPERVISION

50. Plaintiff restates and re-alleges paragraphs one through forty-nine as though fully stated herein.

51. Defendant National Lending Corporation acted as an unfit, incompetent, and unsuitable employer.

52. Defendant Hao Nguyen was unfit, incompetent, and unsuitable to serve as a supervisor to the plaintiff.

53. Defendant National Lending Corporation owed a duty of care to Plaintiff to exercise the ability, skill and care customarily exercised by employers in similar circumstances, to hire, train, supervise, and monitor the skills, intelligence, competence, honesty, integrity and performance of all supervisory and management employees including corporate officers and to protect against, detect, monitor, deter, investigate, correct and remedy physical assaults and instances of sexual harassment that occur within the workplace.

54. Defendant National Lending Corporation breached the duty of care owed to Plaintiff to exercise the ability, skill, and care customarily exercised by employers in similar circumstances to hire, train, supervise, and monitor the skills, intelligence, competence, honesty, integrity and performance of National Lending Corporation's supervisors, employees and corporate officers, and to protect against, detect, monitor, deter, investigate, correct and remedy physical assaults and instances of sexual harassment that occur within the workplace.

55. As a direct and proximate result of the beach of the duty of care owed to Plaintiff by Defendant National Lending Corporation, Plaintiff has suffered and will

continue to suffer severe and substantial pecuniary damages and compensatory damages and stands entitled to recover such damages.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Dated: 9/27/05

Respectfully Submitted,

Plaintiff,

By Her Attorneys,

*/s/ Michael P. Robinson*

Michael P. Robinson, Esq.
B.B.O. #649575
THE LAW OFFICES OF
STEPHEN M. ROBINSON
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(Fax) 331-7888

*/s/ Maryann Carroll*

Maryann F. Carroll, Esq.
THE LAW OFFICES OF
STEPHEN M. ROBINSON
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(Fax) 331-7888