UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANGELA NGUYEN
    Plaintiff

VS.       C.A. No. 05-10531-JLT

NATIONAL LENDING CORPORATION, and
HAO NGUYEN
    Defendant

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Now comes the plaintiff, and hereby moves this Honorable Court for an Order compelling the defendants, Hao Nguyen and National Lending Corporation, to produce records previously requested. Plaintiff believes that the records are relevant to these proceedings, and are exclusively within the control of the defendants. The following information was sought by way of letter dated September 21, 2005, and which counsel for defendants has refused to produce:

1. Any and all corporate and/or legal documents relating to the legal existence of National Lending Corporation and Mr. Nguyen's role within the corporation, including any foreign state designations.

**Reason for Request: This case involved a claim of sexual harassment and wrongful termination of the plaintiff by the defendant. The Complaint has also recently been amended to include a claim against the corporate defendant, NLC, for negligent hiring and supervision. Plaintiff is simply seeking records relating to the corporate structure and existence of this entity. Defendant has repeatedly stated that said organization operates in 40 states, and that Defendant Hao Nguyen, the alleged perpetrator of said harassment and discrimination, is directly involved in all 40 states. Plaintiff simply seeks records regarding NLC's corporate existence in each state and defendant Nguyen's role within said corporation to the extent same is set forth in a writing or memorandum.**

2. Copies of Hao Nguyen's employment contract, compensation agreement and job description, as well as the employment contracts, compensation agreements and job descriptions of every other executive within the NLC organization.

**Reason for request: Plaintiff seeks to discover information regarding the allegation of negligent hiring and supervision, and also with respect to whether or not defendant was acting within the scope of his employment at the time he is alleged to have physically assaulted and harassed the plaintiff. If defendant has a written employment agreement, the same is surely relevant to these proceedings. Plaintiff also seeks information regarding whether or not the alleged actions of the defendant Nguyen, such as paying for all of the plaintiff's office expenses when it is alleged that he did not do so for any others, and forcing the plaintiff to drive alone with him, are consistent with his job description. It is also relevant to determine the terms and conditions, as well as job descriptions, of defendant Nguyen's employment as opposed to those of other corporate executives at NLC.**

3. Any and all hiring policies for executives within National Lending Corporation, and a list of the names and addresses of all executives hired or fired by NLC within the last five (5) years.

**Reason for request: Again, this information is relevant to the issue of negligent hiring and supervision. Plaintiff wishes to determine whether or not the hiring of defendant Nguyen was consistent with the normal hiring practices of NLC, and whether or not defendant had the same skills and qualifications of other executives within NLC. Additionally, plaintiff seeks information relating to the qualifications and experience of all NLC executives, including defendant, with respect to supervision and monitoring of employees such as plaintiff, and whether or not same included the type of conduct alleged in this case.**

4. The names and addresses of every NLC branch in the country, as well as the names and addresses of every branch manager in the country.

**Reason for request:** Plaintiff alleges in this case that she was singled out and hired by the defendant, with no skills or qualifications, and was awarded a position as branch manager in Lowell, MA. Plaintiff also alleges that defendant paid for all of her office expenses, including rent, renovations, electric, telephone, supplies, equipment, etc., and that these actions constituted an attempt to enter into a romantic relationship with the plaintiff, as they were punctuated with episodes of verbal and physical sexual overtures and assaults.

Plaintiff further alleges that the treatment she received at the hands of the defendant was very different from every other branch manager in the country. Defendant appears to be contending that he has in fact paid for office equipment and supplies for some branches in the country, and has produced some limited documentation of such, which is all dated after the incidents alleged in plaintiff's complaint. Plaintiff seeks information relating to every branch in the country, and with respect to every branch manager, so that plaintiff can explore whether or not defendant in fact ever paid the office expenses of any other branch manager in the same manner as he did for plaintiff. Plaintiff also seeks the names of every branch manager as potential witnesses of mistreatment sustained at the hands of the defendant. This information is relevant, and is exclusively within the scope of the defendants' control.

5. The names and addresses of every individual in the country whom Hao Nguyen has personally been involved in hiring or firing in the last five (5) years.

**Reason for request:** Plaintiff again alleges that she was singled out by the defendant Nguyen, with virtually no skills or experience, in order that the defendant might pursue a sexual relationship with her. This information is relevant because defendant is claimed to be a national executive with NLC, involved with NLC branches in 40 states. Plaintiff simply wishes documentation on how frequently, if at all, defendant is actually involved in hiring or firing employees, or if this case represented the first time he had done so.

6. The names and addresses of every officer, director or principal within NLC in its state of incorporation in the last 10 years, as well as the name and address of any individual who was involved in hiring Hao Nguyen.

**Reason for request: This request seeks information relating to the hiring of defendant Hao Nguyen, which is relevant to the claim of negligent hiring contained in plaintiff's First Amended Complaint. Plaintiff wishes to obtain information relating to the facts and circumstances surrounding defendant Nguyen's hire, and the procedures followed by NLC in employing Hao Nguyen.**

Defendants, through their attorney, have refused to produce this documentation, which is clearly relevant to this case. Accordingly, plaintiff seeks a Court order compelling production of this information, as well as an order of attorney's fees incurred in prosecuting the instant motion.

Respectfully Submitted,

Plaintiff,

By her attorneys,

_____
Michael P. Robinson BBO#649575
THE LAW OFFICES OF
STEPHEN M. ROBINSON
155 South Main Street
Providence, RI 02903

TO: Tamsin R. Kaplan
TAMSIN R. KAPLAN & ASSOCIATES
90 Concord Avenue
Belmont, MA 02478

## CERTIFICATION

I hereby certify that on this ___ day of November, 2005, I mailed a true and accurate copy of the within Motion to Compel to the above-named attorney of record.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ANGELA NGUYEN** : | |
|     **Plaintiff** : | |
| : | |
| VS. : | C.A. NO. 05-10531-JLT |
| : | |
| **NATIONAL LENDING CORPORATION, and** : | |
| **HAO NGUYEN** : | |
|     **Defendant** : | |

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 (A) (2)

Now comes counsel for the plaintiff, Michael P. Robinson, and hereby certifies that he has conferred with opposing counsel and has attempted in good faith to resolve or narrow the issues presented in the attached Motion to Compel Production of Documents. Counsel certifies that he has been unsuccessful in resolving or narrowing said issues. This certification is prepared pursuant to Local Rule 7.1 (A)(2).

Respectfully Submitted,

_____
Michael P. Robinson BBO#649575
THE LAW OFFICES OF
STEPHEN M. ROBINSON
155 South Main Street, Suite 402
Providence, RI 02903

TO:    Tamsin R. Kaplan, Esq.
          TAMSIN R. KAPLAN & ASSOCIATES
          90 Concord Avenue
          Belmont, MA 02478

### CERTIFICATION

I hereby certify that on this 9 day of November, 2005, I mailed a true and accurate copy of the within Certification of Compliance to the above-named attorney of record.

_____