UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGELA NGUYEN, | ) |
|     Plaintiff and Defendant-in-Counterclaim, | ) |
| v. | ) |
| NATIONAL LENDING CORPORATION, | ) Civil Action No. 05-10531-JLT |
|     Defendant and Plaintiff-in-Counterclaim, | ) |
| and HAO NGUYEN, | ) |
|     Defendant. | ) |

## DEFENDANTS' OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant Hao Nguyen and Defendant and Plaintiff-in-Counterclaim National Lending Corporation ("NLC") hereby oppose Plaintiff's Motion to Compel Production of Documents for the reasons stated herein, and respectfully request that this Court denies the Motion to Compel in its entirety.

I.    <u>Plaintiff's Motion to Compel is Procedurally Improper</u>

Defendants are not required to produce any documents to Plaintiff in the absence of leave granted by this Court. In its Order dated June 29, 2005, this Court specified that "No additional discovery will be permitted without leave of this court…." Because Plaintiff has not sought leave to propound discovery, she is not entitled to the documents requested. In fact, as she admits in her Motion to Compel, Plaintiff has not formally propounded any discovery. The requests for documents on which Plaintiff's Motion to Compel is based were contained within a paragraph of a letter from Plaintiff's counsel to Defendants' counsel on September 21, 2005.

In addition, Plaintiff's counsel has never at any time made any effort to resolve or narrow the issues presented in Plaintiff's Motion to Compel, as required by Local Rule 7.1(A)(2).

    II.    <u>Defendants Object to Plaintiff's Document Requests</u>

Defendant NLC is a New Jersey corporation with a principal place of business in Houston, TX. Defendant Hao Nguyen is Chief Executive Officer of NLC. Since 2001, NLC has assisted prospective borrowers in forty states in obtaining residential and commercial loans from its national network of lenders. NLC contracts with Loan Originators around the country to assist customers in obtaining loans.

Plaintiff was a Loan Originator for NLC in Massachusetts, from October 2003 until April 2004. Plaintiff alleges that Mr. Nguyen sexually harassed her and unlawfully terminated her employment. Plaintiff's First Amended Complaint includes claims for Assault, Battery, False Imprisonment, Intentional Infliction of Emotional Distress, Unlawful Discrimination, Hostile Environment Harassment, Quid Pro Quo Sexual Harassment, Violation of Title VII, and Negligent Hiring and Supervision.

Defendants deny that Mr. Nguyen sexually harassed Plaintiff. Defendants also deny that Plaintiff was an employee of NLC. It is the Defendants' position that Plaintiff's relationship with NLC was that of an independent contractor, and that Defendants lawfully terminated NLC's independent contractor relationship with Plaintiff.

NLC has brought counterclaims against Plaintiff for Breach of Contract and Malicious Interference with Advantageous Business and Contractual Relations, alleging that Plaintiff unlawfully competed with NLC, solicited NLC customers, and interfered with NLC's relationships with its customers and other Loan Originators.

In view of the legal and factual issues involved in this lawsuit, Defendants object to Plaintiff's Document Requests as follows.

**1.    Any and all corporate and/or legal documents relating to the legal existence of National Lending Corporation and Mr. Nguyen's role within the corporation, including any foreign state designations.**

Defendants object to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request calls for a very broad range of documents that are not relevant to the issues involved in this litigation. Moreover, many of the documents sought by this request are a matter of public record and can be obtained by the Plaintiff independently.

**2.    Copies of Hao Nguyen's employment contract, compensation agreement and job description, as well as the employment contracts, compensation agreements and job descriptions of every other executive within the NLC organization.**

With respect to documents sought by Plaintiff pertaining to Mr. Nguyen's terms of employment, Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks documents

that are not relevant to the issues involved in this litigation.  Plaintiff argues that this request is somehow relevant to her claim for Negligent Hiring and Supervision.  To prevail on her claim for Negligent Hiring and Supervision, Plaintiff must prove that NLC breached a duty of reasonable care in selecting and supervising Mr. Nguyen.  Such a duty may have been owed if the risk that resulted in the alleged harm to the Plaintiff was reasonably foreseeable.  See Foley v. Boston Hous. Auth., 407 Mass. 640, 646 (1990).  Mr. Nguyen's employment contract, compensation agreement and job description are wholly irrelevant to this claim or any of Plaintiff's claims.

With respect to documents sought by Plaintiff pertaining to the terms of employment of other NLC executives, Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This request calls for documents that are wholly irrelevant to this lawsuit.  None of Plaintiff's claims involve any NLC executive except Mr. Nguyen, who has been CEO of NLC since its inception.

3. **Any an all hiring policies for executives within National Lending Corporation, and a list of the names and addresses of all executives hired or fired by NLC within the last five (5) years.**

Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This request calls for documents that are wholly irrelevant to this lawsuit.  None of Plaintiff's claims involve any NLC executive except Mr. Nguyen, who has been CEO of NLC since its inception.

4. **The names and addresses of every NLC branch in the country, as well as the names and addresses of every branch manager in the country.**

Defendants object to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  This request calls for a broad range of information that is not relevant to the issues involved in this litigation.  Although Defendants agree that the extent to which NLC has covered expenses for other offices and compensated other independent contractors serving as branch managers is pertinent to this litigation, this request is too broadly drawn and not properly crafted to obtain relevant information.  In addition, this request is not properly presented as a request for documents.

5. **The names and addresses of every individual in the country whom Hao Nguyen has personally been involved in hiring or firing in the last five (5) years.**

Defendants object to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Again, Plaintiff requests a broad range of information that is not relevant to the issues involved in this litigation.  Plaintiff argues in her Motion to Compel that she "simply wishes

documentation on how frequently, if at all, defendant is actually involved in hiring or firing employees, or if this case represented the first time he had done so." However, this rationale does not provide an appropriate basis for the Plaintiff's document request. Rather, the Plaintiff's query should be properly presented as an interrogatory or deposition question. This request is too broadly drawn and not properly crafted to obtain relevant information.

6.  **The names and addresses of every officer, director or principal within NLC in its state of incorporation in the last 10 years, as well as the name and address of any individual who was involved in hiring Hao Nguyen.**

Defendants object to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. This request calls for a broad range of information that is not relevant to the issues involved in this litigation. In addition, this request is not properly presented as a request for documents.

In conclusion, for the foregoing reasons, Defendants respectfully request that this Court denies Plaintiff's Motion to Compel in its entirety.

Respectfully submitted,

NATIONAL LENDING CORPORATION
and HAO NGUYEN

By their attorneys,

/s/ Tamsin R. Kaplan_____
Tamsin R. Kaplan (BB0 #561558)
TAMSIN R. KAPLAN & ASSOCIATES, P.C.
90 Concord Avenue
Belmont, MA  02478
(617) 484-3210

Dated: November 23, 2005

## CERTIFICATE OF SERVICE

      I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 23rd day of November, 2005, by electronic filing and first class mail, postage pre-paid, to attorney for the Plaintiff and Defendant-in-Counterclaim, Michael P. Robinson, Esq., Law Offices of Stephen M. Robinson, 155 South Main Street, Suite 402, Providence, RI 02903-7115.

                                          /s/ Tamsin R. Kaplan\_\_\_
                                          Tamsin R. Kaplan